OFFICE OF DISCIPLINARY COUNSEL *v.* HENSON.

[Cite as Disciplinary Counsel *v.* Henson (1990), 56 Ohio St. 3d 23.]

(No. 90-1440—Submitted September 18, 1990—Decided December 5, 1990.)

*Per Curiam.* This cause is before the court in accordance with the reciprocal discipline provisions of Gov. Bar R. V(44).

Respondent, Frank Earl Henson, was admitted by the state of Ohio to practice law in 1982. On November 9, 1989, the Supreme Court of Kentucky granted respondent's motion to resign from the Kentucky Bar Association, due to certain charges pending against him in that state at the time. Respondent was charged with two counts of failing to file petitions for divorce and advising the clients that he had filed, one count of refusing to provide an accounting to the executrix in an estate matter, and one count of falsely representing to a client that an insurance settlement had been reached. The Kentucky Bar Association charged respondent with unprofessional and unethical conduct, but had no objection to respondent's resigning under terms of disbarment. The Supreme Court of Kentucky held that under the terms of the resignation respondent may not practice law in Kentucky until his license has been reinstated by that court, and that he may not apply for reinstatement for five years from the effective date of the order granting his motion to resign.

Pursuant to Gov. Bar R. V(44), the Disciplinary Counsel of the Supreme Court of Ohio filed a certified order from the Supreme Court of Kentucky with the Clerk of this court. On August 3, 1990, we ordered respondent to show cause within twenty days why identical or comparable discipline should not be imposed upon him. Respondent failed to show cause.

*J. Warren Bettis*, disciplinary counsel, for relator.

*Per Curiam.* We hereby impose comparable discipline on respondent, namely, an indefinite suspension, from November 9, 1989, when respondent's motion to resign was effective, until, notwithstanding Gov. Bar R. V(25), such time that respondent is reinstated to the practice of law in the state of Kentucky. By imposing this sanction, we construe Gov. Bar R. V(44) as requiring any period of discipline imposed thereunder to begin and be concurrent with the period of discipline imposed in the other state, rather than as beginning with the order of this court.

Costs taxed to respondent.

*Judgment accordingly.*

MOYER, C.J., SWEENEY, HOLMES, DOUGLAS, WRIGHT, H. BROWN and RESNICK, JJ., concur.